JS6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2130 | **DATE** | 1/22/2002 |
| **CASE TITLE** | John A. Coleman, et al vs. Equicredit Corporation of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: The Court grants the Motion for Summary Judgment brought by Equicredit and denies the Motion for Summary Judgment brought by the Colemans.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 25 2002 | 27 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JAN 22 2002
Judge Harry D. Leinenweber
U. S. District Court

DOCKETED
JAN 2 3 2002

JOHN A. COLEMAN and DELORES
FREEMAN-COLEMAN,

    Plaintiff,

v.

EQUICREDIT CORPORATION OF
AMERICA and MORTGAGE CAPITAL
ASSOCIATES, INC.,

    Defendants.

Case No. 01 C 2130

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

On July 27, 2000, the Plaintiffs, John A. Coleman and Delores Freeman-Coleman (the "Colemans"), obtained a non-purchase money mortgage loan, secured by their residence, from Mortgage Capital Associates for personal family purposes. The loan was assigned by Mortgage Capital to the defendant Equicredit Corporation shortly after the loan closing. The Colemans had refinanced an existing fixed interest FHA loan with an adjustable rate mortgage at a higher interest rate, which, as they came to realize, was not a particularly smart thing to do. Because the loan was secured by the Colemans' home, and had not been entered into for initial acquisition or construction, they were entitled to rescind it, if they did so on a timely basis, and the Colemans were entitled to written notice of this right. *See* the *Truth in Lending Act* ("TILA"), 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

27

Under 12 C.F.R. § 226.23, a creditor is obligated to deliver two copies of the notice of the right to rescind to each borrower entitled to rescind, and the notice must be by separate document and must advise the borrower of the following specifics: that a security interest in the consumer's dwelling is retained by the creditor; that he has a right to rescind and how to exercise it; the effects of rescission; and that the right to rescind expires at midnight of the third business day following the receipt of the notice.

On February 19, 2001, well after the three-day deadline for rescission if they had received a valid notice at closing, the Colemans' lawyer sent Equicredit a demand that the loan be rescinded on the grounds that the notice of the right to cancel given them by Mortgage Capital was defective because it did not include the date of the transaction and the date the right to rescind expired. Equicredit declined to rescind the loan and notified the Colemans' lawyer that it had obtained, as part of the loan document package it had received from its assignor, Mortgage Capital, a fully filled out notice of the right to rescind form, which included a written acknowledgment by the Colemans that they had in fact received notices that had been fully filled out. A copy of the notice to rescind obtained by Equicredit was sent to the Colemans' lawyer. On April 2, 2001, the Colemans refinanced the loan elsewhere and paid the sum of $166,634.50 to Equicredit in full payment of their mortgage obligation, including a prepay

penalty. Equicredit thereafter released its security interest in the Colemans' property and recorded a Satisfaction of Mortgage with the Cook County Recorder of Deeds. The Colemans then filed this suit against both Equicredit and Mortgage Capital.

After they filed this suit, the Colemans entered into a settlement agreement with Mortgage Capital whereby Mortgage Capital, in return for a release of all claims by the Colemans, paid them the sum of $14,255.00, which included $6,615.00 as reimbursement for the prepay penalty which the Colemans were required to pay to Equicredit to obtain a release of the mortgage; $3,040.00 as reimbursement for loan origination charges; $2,100.00 as reimbursement for the difference in interest that they would have paid to service their former loan and the interest actually paid to Equicredit (for the 8 months that the loan was in existence); and $2,500.00 for attorneys fees. Equicredit and the Colemans have filed cross-motions for summary judgment.

## DISCUSSION

According to their briefs the Colemans are still seeking rescission of their mortgage with Equicredit even though they refinanced their loan, paid off Equicredit, and had their mortgage released. However there is nothing to rescind because the mortgage they want rescinded has been released and no longer exists. *King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986). The Colemans cite several cases they claim stand for the proposition

that rescission of a mortgage can still take place even after it has been refinanced and released. However, these cases do not say that. All they appear to say, *e.g., Wiggins v. AVCO Financial Services*, 62 F.Supp.2d 90 (D.D.C. 1999), is that refusal to rescind a loan by a lender after a timely request is a violation of the TILA which may subject the lender to statutory damages under Section 1640 of the TILA.

Assuming the Colemans had in fact had a right to rescind the transaction with Mortgage Capital because they received a blank right to rescind notice, this does not automatically mean that the right to rescind extends to an assignee such as Equicredit. The Colemans don't appear to deny that Equicredit received a fully filled out copy of a right to rescind notice in the loan document package from its assignor, Mortgage Capital, which contained a written acknowledgment by the Colemans that they received two completed copies of the right to rescind in the following language:

> ON THE DATE OF THE TRANSACTION LISTED ABOVE I/WE THE UNDERSIGNED EACH RECEIVED TWO (2) COMPLETED COPIES OF THE NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.
>
> <u>JOHN A COLEMAN</u> /S/ 7/28/2000
> <u>DELORES FREEMAN COLEMAN</u> /S/ 7/28/00

In addition the Colemans both initialed the date of the transaction (7-28-00) and the cancellation deadline (8-1-00) on the document. Their response to Equicredit's Local Rule 56.1 statement concerning

the document containing the acknowledgment is that they "are without personal knowledge as to the documents Equicredit received." Pointedly, they do not deny that they executed the document in question.

Equicredit is an assignee of the original lender, Mortgage Capital. An assignee's liability under TILA depends on the terms of Section 1641. This section makes an assignee liable to an obligor only for those TILA violations that are apparent on the face of the documents it receives as part of the assignment. Equicredit received a fully filled out copy of the Notice of Right to Cancel which bore the acknowledgment of the Colemans acknowledging that the requirements of Section 1635 had been satisfied. Case law interpreting Section 1641 makes it clear that a creditor can rely on the documentation it receives from its assignor and has no obligation to investigate its accuracy, *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689, 694 (7th Cir. 1998), even where the assignee may have special knowledge that the facts may not be so. *Balderos v. City Chevrolet*, 214 F.3d 849, 853 (7th Cir. 2000). Therefore Equicredit was entitled to rely on the documents it received which showed that Mortgage Capital had apparently complied with the requirements of Section 1635 and that the Colemans right to rescind had long since expired.

However, even if Equicredit had violated the TILA, the Colemans would still not be entitled to recover against it because

the Colemans have been fully compensated for all the damages they sustained due to the violation of Section 1635. The only actual damages that the Colemans claim they sustained were the prepayment penalty, the origination charges and the excess interest they paid. The evidence shows that the Colemans received full reimbursement for all three of these items. They also received their attorneys' fees. They don't claim that they suffered any other actual damage. They argue that the document showing the breakdown of the settlement amount paid by Mortgage Capital, was prepared by Mortgage Capital's attorney as part of the settlement negotiations and is therefore inadmissable under Rule 408. However, the Colemans misunderstand the purpose for which the document is being used: rather than to prove the validity or amount of their claim, it is being used to show what compensation they have already received. They are not entitled to be compensated twice, once by Mortgage Capital and again by Equicredit. The cause of action provided for by Section 1640 of the TILA is a statutory tort and under normal tort law a plaintiff is entitled to one recovery for his actual damages even though more than one person may be legally responsible. The Colemans don't dispute that the breakdown accurately reflects their actual damages, so that the document merely shows that they have, in fact, been compensated.

The Colemans do contend however that they are entitled to more money than what they received from Mortgage Capital. They contend that, in addition to the three items for which they have been

compensated, they are entitled to be reimbursed the sum of $12,023.06 for all mortgage payments, *i.e.*, principal and interest, that they made to Equicredit prior to the refinance. However, because the Colemans had full use of the money lent to them during the loan period, they are only entitled to be reimbursed for interest paid in excess of the interest rate in the mortgage refinanced by Mortgage Capital and not for the principal. One of the cases they themselves cited, *Maryfield v. Vanguard Savings & Loan Association*, 710 F. Supp. 143, 148 (E.D. Pa. 1989) makes this clear.

**CONCLUSION**

Accordingly, the court grants the Motion for Summary Judgment brought by Equicredit and denies the Motion for Summary Judgment brought by the Colemans.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: January 22, 2002

- 7 -